IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**TOMMY CARO MORENO, et al.,**
**Plaintiffs,**

v.                                                                  CIVIL NO. 04-2374(DRD)

**CARLOS LOPEZ BONILLA, et al.,**
**Defendants**

## ORDER

Pending before the Court is the co-defendants Carlos Lopez Bonilla, Encarnacion Bonet, Manuel Gonzalez and Carmen Brignoni's *Motion for More Definite Statement* (Docket No. 8) moving the Court to Order plaintiffs to file an Amended Complaint because the complaint as filed is missing page number 6, contains two (2) paragraphs number 27, contains two (2) paragraphs numbered 54 and is missing number 63. Furthermore, the co-defendants affirm that the complaint as drafted fails to state whether the co-defendants are sued in their official and/or personal capacity.

## STANDARD OF REVIEW

Under the general rules of pleadings, "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L.Ed. 2d 517 (1993); Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957); Fed.R.Civ.P. 8(a)(2). However, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

The Motion for More Definite Statement, Fed.R.Civ.P. 12(e) states as follows:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

A Rule 12(e) motion will be required only when the pleadings are "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice

to himself." 5A Wright & Miller, Federal Practice and Procedure § 1376 at 577-78 (2nd ed. 1990). The "Federal Rules employ the concept of notice pleading, and, for this reason, motions for a more definite statement are not favored." Delta Educ., Inc. v. Langlois, 719 F.Supp. 42, 50 (D.N.H. 1989). The "motion is granted sparingly since it is not to be used as a substitute for discovery in trial preparation, but is to be used only when a pleading is too general." Id. However, "[i]f details are necessary in order to make a vague complaint intelligible, the fact that the details also are subject to the discovery process should not preclude their production under Rule 12(e)." 5A Wright & Miller, § 1376 at 588 (2nd ed. 1990). Rule 12(e) although not favored has not been judicially abrogated. "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." Delta, 719 F.Supp. at 50 (*citing* 5A Wright & Miller, § 1377 at 600-01).

## LEGAL ANALYSIS

It is known that a motion under Fed.R.Civ.P. 12(e) may be granted when the complaint has made general averments against numerous defendants and has failed to identify the specific defendants against whom the plaintiffs are asserting each of their claims. Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y. 1986). In Bower, where the plaintiff brought seven counts against three defendants, one of the latter filed a motion for a more definite statement stating that several paragraphs of the complaint employed generically the term "defendants" without specifying which particular defendant is referred to. Id. at 538. The district court granted the motion for more definite statement by concluding that a defendant cannot reasonably answer a complaint until clearly learning the causes of action the plaintiff is asserting against each of the defendants in his or her individual capacity. Id.

The Court has thoroughly reviewed the complaint and the request made by co-defendants and deems that in this case, the Complaint suffers from certain errors which may be cured through an Amended Complaint. The Court's examination reveals that the complaint as filed makes general allegations as to each individual co-defendants but fails to specifically state whether: 1) the complaint as drafted fails to identify the parties to the complaint; 2) the complaint fails to state whether the individuals defendants are sued in their personal and/or official capacity; 3) the complaint refers in general terms as to "defendants" without specifying which of the defendants the allegation refers to; 4) the remedies sought are drafted in such general terms that it cannot be ascertained what remedy is sought from an identifiable defendant and whether the remedy sought is under the official and/or personal capacity; 5) page number 6 of the complaint is missing; 7) there are misnumbered paragraphs and others are numerically missing. In view of the foregoing vagueness and ambiguity,the Court deems that defendants "cannot effectively respond to [plaintiff's] complaint until [they] know which claims [plaintiff] is asserting against [them]..." Bower, 639 F.Supp. at 538. Consequently, the Court notes that since the remedies sought rest upon the defendants and the capacity in which they have been sued an Amended Complaint curing the herein stated defects is warranted.

## CONCLUSION

Based on the foregoing analysis, the Court concludes that the plaintiffs' complaint (Docket No. 1) does not aver sufficient facts in order for co-defendants Carlos Lopez Bonilla, Encarnacion Bonet, Manuel Gonzalez and Carmen Brignoni to plead intelligently. The Court hereby **GRANTS**

Carlos Lopez Bonilla, Encarnacion Bonet, Manuel Gonzalez and Carmen Brignoni's *Motion for More Definite Statement* (Docket No. 8) curing the defects herein described as to each individual co-defendant, insofar as the other defendants have already filed their respective answers to the complaint.

The Plaintiffs are **ORDERED** to file a third amended complaint on or before **October 10, 2005**, clarifying which claims and factual allegations are being asserted against the appearing co-defendants. Failure to strictly abide to this order may result in the dismissal with prejudice of the claims asserted against the instant defendants. The Defendants are granted to answer or plead the third amended complaint **twenty (20) days thereafter**.

Further, the Court notes that the Municipality of Rincon has filed a *Motion for the Dismissal of Claims Under Law 100 and the Equal Protection Clause and for the Imposition of Sanctions* (Docket No.10). Since the Court has granted co-defendants request for more definite statements, the Municipality of Rincon's dismissal motion is deemed as premature. Consequently, the *Motion for the Dismissal of Claims Under Law 100 and the Equal Protection Clause and for the Imposition of Sanctions* (Docket No.10) is hereby **DENIED WITHOUT PREJUDICE**. The Municipality of Rincon may resubmit its request once the Amended Complaint has been filed.

**ANY REQUEST FOR EXTENSIONS OF TIME SHALL BE SUMMARILY DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 20th day of September 2005.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**